UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICOLE BORSCHING,

                              Plaintiff,

                                                                                         <u>DECISION AND ORDER</u>

                                                                                               14-CV-6092L

                              v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,


                              Defendant.
_____

## INTRODUCTION

Plaintiff Nicole Borsching ("plaintiff"), brings this action under 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("the Commissioner") that she is not disabled under the Social Security Act, and therefore, is not entitled to Social Security disability benefits.

Plaintiff originally applied for Social Security Income benefits on July 20, 2011. She listed a disability onset date of November 2, 2008. (T. 136).[1]  Plaintiff's application was initially denied. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on October 2, 2012 before ALJ Michael W. Devlin. (T. 28-47). ALJ Devlin determined that plaintiff was not disabled under the Act (T. 8-22), and his decision became the

___

[1] "T." refers to the transcript of the administrative record.

final decision of the Commissioner on January 30, 2014 when the Appeals Council denied plaintiff's request for review. (T. 1-3). This appeal followed.

The plaintiff has moved (Dkt. #8) and the Commissioner has cross-moved (Dkt. #13) for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. As discussed below, the Commissioner's decision is vacated, and the matter is remanded for further proceedings.

## FACTUAL BACKGROUND

Plaintiff was born September 30, 1982 and is presently thirty-two years old. She has a limited education has no past relevant work, her prior attempts at work as an animal caretaker, bartender, cashier, front desk clerk and cleaner having been brief and inconsistent. (T. 21).

Plaintiff's medical history includes treatment notes for adjustment disorder, depression, bipolar disorder, anger management issues, social phobia and anxiety. (T. 242, 233, 242, 279, 477, 479, 480, 512-514). In September 2007, she also sustained fractures of the left clavicle, right radius and ulnar shaft in a moto vehicle accident, which further resulted in rotator cuff syndrome and tendinopathy. (T. 246-253, 250, 265, 285). Other physical diagnoses include chronic low back pain and right internal knee derangement. (T. 306, 27, 462).

The record contains the opinions of a number of treating and consulting sources.

Plaintiff' primary care physician, Dr. Robert Shelly, found that plaintiff has no useful ability to function in social situations, could not respond appropriately to coworkers, and could not tolerate customary work pressures. (T. 506-507).

Consultative examiner Dr. Christine Ransom, a psychologist, opined that plaintiff suffers from bipolar disorder with psychotic features and probable borderline intellectual functioning.

She stated that plaintiff would experience moderate difficulty performing complex tasks, relating to others and dealing appropriately with stress. (T. 340-343).

With regard to plaintiff's physical limitations, consultative examiner Dr. Harbinder Toor concluded that plaintiff had moderate to severe limitations in pushing, pulling, reaching and lifting due to shoulder and wrist pain, and mild to moderate limitations grasping, holding, writing, manipulating small objects, and moderate limitations standing, walking and sitting for long periods. (T. 347).

After appealing the ALJ's unfavorable decision, plaintiff submitted additional medical evidence to the Appeals Council, including a mental RFC report from her treating psychiatrist, Dr. Ronald Spurling, dated January 18, 2013. Dr. Spurling opined that plaintiff could not remember, comprehend or carry out simple instructions, could not respond appropriately to coworkers and supervisors, was incapable of exercising sound judgment or avoiding hazards, and could not tolerate customary work pressures. (T. 523-525). Dr. Spurling noted that plaintiff's ability to function would deteriorate under stress, and that plaintiff is likely to miss more than four days of work per month due to her symptoms, which he opined would have been present prior to the commencement of his treatment relationship with her in September 2012, continuing from on or before her alleged disability onset date. (T. 526). Although the Appeals Council did not return Dr. Spurling's report to plaintiff and thus tacitly accepted it as "new and material evidence," it did not discuss or otherwise address Dr. Spurling's opinion when it denied review.

**DISCUSSION**

**I.  Standard for Determining Disability**

A person is considered disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).  In order to determine whether a claimant is disabled, an ALJ employs a five-step inquiry:

> The first step determines whether the claimant is engaged in 'substantial gainful activity.'  If he is, benefits are denied.  If he is not engaged in such activity, the process moves to the second step, which decides whether the claimant's condition or impairment is 'severe'– i.e., one that significantly limits his physical or mental ability to do basic work activities.  If the impairment is not severe, benefits are denied.  If the impairment is severe, the third step determines whether the claimant's impairments meet or equal those set forth in the 'Listing of Impairments'. . . contained in subpart P, appendix 1, of the regulations. . . . If the claimant's impairments are not listed, the process moves to the fourth step, which assesses the individual's 'residual functional capacity' (RFC); this assessment measures the claimant's capacity to engage in basic work activities.  If the claimant's RFC permits him to perform his prior work, benefits are denied.  If the claimant is not capable of doing his past work, a decision is made under the fifth and final step whether, in light of his RFC, age, education, and work experience, he has the capacity to perform other work.  If he does not, benefits are awarded.

*Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986) (citations omitted).

It is well-settled that plaintiff bears the burden of proof at the first four steps of the analysis.  At the fifth and final stage of this process, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work that exists in the national economy. *See Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998); *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

## II.     The ALJ's Decision

At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since her application date of July 20, 2011, because although she had held one position since then, it had lasted less than a month and resulted in no earnings in excess of the substantial gainful activity threshold.  The ALJ concluded that plaintiff had severe impairments, consisting of status post right radius and ulnar shaft fractures and open reduction internal fixation, left shoulder rotator cuff syndrome with impingement, status post subacromial decompression and acromioplasty; right knee pain; myofascial pain syndrome with multiple trigger points; bipolar disorder with psychotic features; major depression; and borderline personality disorder, which together did not meet or equal a listed impairment. (T. 13).  At step four, the ALJ concluded that plaintiff retained the RFC to perform light work with the following limitations: occasionally lift and/or carry 20 pounds; frequently lift and carry 10 pounds; stand and/or walk about six hours in an eight-hour workday; sit about six hours in an eight-hour workday; occasionally push and/or pull 20 pounds; frequently reach with the non-dominant left upper extremity; occasionally finger with the dominant right hand; understand, remember, and carry out simple instructions and tasks; occasionally interact with coworkers and supervisors; rarely work in conjunction with coworkers; little or no contact with the general public; and able to consistently maintain concentration and focus for up to two hours at a time.  (T. 15-16).  At step five, the ALJ relied on testimony from vocational expert Peter Manzi, who had opined that a person with plaintiff's RFC could perform the position of housekeeping cleaner.  (T. 22, 43, 44).

**III. Standards of Review**

The Commissioner's decision that plaintiff was ineligible to receive benefits must be affirmed if it applies the correct legal standards and is supported by substantial evidence. 42 U.S.C. § 405(g); *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the Commissioner's decision "rests on adequate findings supported by evidence having rational probative force," a district court cannot not substitute its own judgment for that of the Commissioner. *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002); *see also Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) ("[i]t is not the function of a reviewing court to decide *de novo* whether a claimant was disabled").

Such a deferential standard, however, is not applied to the Commissioner's conclusions of law. *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984); *accord Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999). The Court must determine if the Commissioner's decision applied the correct legal standards in finding that plaintiff was not disabled. "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112. "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Schaal*, 134 F.3d at 504.

## IV. Plaintiff's Alleged Disability

I find that the Commissioner's decision regarding plaintiff's disability is based on legal error, is not supported by substantial evidence, and that the matter must be remanded for further proceedings. I agree with the plaintiff that the ALJ erred when weighing the opinion of plaintiff's treating physician, Dr. Shelly, with respect to her mental RFC, and that the Appeals Council erred in failing to consider or even address the opinion of plaintiff's treating psychiatrist, Dr. Spurling. In light of these errors, the ALJ's finding that there were jobs in the economy that plaintiff could perform with her limitations is not supported by substantial evidence.

### A.   Treating Physician's Opinion

The ALJ erred by failing to give controlling weight to the opinion of plaintiff's treating physician, Dr. Shelly. It is well-settled that "the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." *Shaw*, 221 F.3d at 134. *See* 20 C.F.R. § 404.1527(d)(2). In determining what weight to give a treating physician's opinion, the Commissioner must consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist. 20 C.F.R. § 404.1527(d). Further, the ALJ must articulate his reasons for assigning the weight that he does accord to a treating physician's opinion. *Shaw*, 221 F.3d at 134; *see also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("[f]ailure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand")

(internal quotations omitted).  An ALJ's failure to apply these factors and provide reasons for the weight given to the treating physician's report is reversible error.  *See Snell*, 177 F.3d at 134.

In addressing the two separate RFC reports submitted by Dr. Shelly (T. 423-431, exertional RFC report dated January 25, 2012, and T. 502-508, mental RFC report dated June 21, 2012), the ALJ observed cursorily: "Some weight is given to the opinions of Dr. Robert Shelly, a treating physician," because "the mental medical source statement provided by [Dr. Shelly] is misleading, in that a rating of 'fair' may in fact preclude the ability to perform work-related activities despite the common meaning of the word."  (T. 20).  While the ALJ's Shakespearean conviction that "fair is foul" (*Macbeth* 1:1:12) apparently refers to the pre-printed mental RFC form's use of an "unlimited/good/fair/poor" rating scale, the ALJ committed error when he relied on the alleged ambiguity of the word "fair" to reject the entirety of Dr. Shelly's mental RFC report, which rates plaintiff's ability to interact socially, engage in routine functions, or react to stress as uniformly "poor."  (T. 505-508).  While semantic confusion may have triggered the ALJ's obligation to affirmatively seek out clarifying information, it did not provide legal grounds for rejecting Dr. Shelly's opinion.  *See Rankov v. Astrue*, 2013 U.S. Dist. LEXIS 46969 at *28-*31 (E.D.N.Y. 2013) (ALJ committed reversible error where she declined to grant controlling weight to treating physician because the form submitted by the physician was cursory and/or ambiguous: to the extent the ALJ was concerned that checkmarks on the form lacked a proper clinical foundation, she was required to request clarification from the physician before discounting his opinion).  The ALJ does not appear to have considered any of the appropriate factors relevant to the assessment of a treating physician's opinion, including Dr. Shelly's long treating relationship with the plaintiff, his credentials, or the evidence supporting or contradicting

his conclusion.  I therefore find that the ALJ's determination that Dr. Shelly's opinion was not entitled to controlling weight failed to properly consider the relevant factors and is unsupported by the evidence of record.  *See* 20 C.F.R. § 404.1527(d)(2).

I also find that the Appeals Council erred in failing to address the RFC report of plaintiff's treating psychiatrist, Dr. Spurling.  On its face, the opinion was new and material evidence from a treating specialist in the appropriate field, which was not part of the record before the ALJ, but related directly to the issues that had been before him.  Further, although Dr. Spurling's treatment relationship with plaintiff had not arisen until shortly before the ALJ's decision, he opined that plaintiff's symptoms were part of preexisting conditions that would have arisen on or before her claimed onset date, and the Appeals Council's acceptance of the report operated to concede its relevance as part of the administrative record.  (T. 526.)  *See Wright v. Astrue*, 2012 U.S. Dist. LEXIS 85080 at *11 (W.D.N.Y. 2012).  The treating physician rule applies with equal force to the Appeals Council's consideration of new and material evidence: as such, the Appeals Council's failure to specify the weight given to Dr. Spurling's opinion, and explain the reason for affording it such weight, is reversible error.  *See Newbury v. Astrue*, 2009 U.S. App. LEXIS 6147 at *4-*7 (2d Cir. 2009) (unpublished opinion); *Stadler v. Barnhart*, 464 F. Supp. 2d 183, 188 (W.D.N.Y. 2006).

### B. The Commissioner's Burden to Prove That Plaintiff Can Perform Other Work

At step five of the disability determination, the Commissioner has the burden of proving that there were other jobs that plaintiff could perform, in light of her age, education, work experience, and ability to perform work.  *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002).  That burden was not met here when the ALJ relied on testimony by a vocational expert to

determine that plaintiff was "not disabled," to the extent that the hypothetical RFC that the vocational expert was provided was based on an improperly-supported partial rejection of the opinion of plaintiff's treating physician. As a result, the record does not provide substantial evidence that plaintiff can perform other work. *See Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980); *Mathews v. Barnhart*, 220 F. Supp. 2d 171, 175-76 (W.D.N.Y. 2002).

Based on the foregoing, the Commissioner's decision cannot stand. The Commissioner has failed to meet her burden to explain why the opinions of plaintiff's treating physician and treating psychiatrist were not afforded controlling weight, or to demonstrate that plaintiff can perform any work that exists in the economy. Where, as here, "'there are gaps in the administrative record or the ALJ has applied an improper legal standard,'" the appropriate course is to remand the matter to the Commissioner for further development of the evidence. *See Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (quoting *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980)). This is not a case "[w]here the existing record contains persuasive proof of disability and a remand for further evidentiary proceedings would serve no further purpose . . ." *Martinez v. Commissioner*, 262 F.Supp.2d 40, 49 (W.D.N.Y.2003). *See also Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). Remand is required so that the Commissioner can apply the proper legal standards in weighing the evidence of record, and to obtain additional evidence and clarification, as appropriate, from plaintiff's treating physician and psychiatrist. *See Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999).

## CONCLUSION

Plaintiff's motion for summary judgment (Dkt. #8) is granted. The Commissioner's cross-motion for summary judgment (Dkt. #13) is denied. The Commissioner's decision that

plaintiff was not disabled is vacated pursuant to 42 U.S.C. § 405(g), and the case is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 23, 2015.